SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Edwardo Jose Leyva,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondent(s) | CV-04-1871-PHX-SRB (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 8, 2004 (#1).  On May 26, 2005, Respondents filed their Response (#22). Petitioner filed a Reply on June 3, 2005 (#26).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Because this matter may be resolved on the basis of the statute of limitations, the recitation of the background is limited to addressing general background and those matters relevant to a determination of the timeliness of the Petition.

## A. FACTUAL BACKGROUND

In his first state Petition for Post-Conviction Relief, Petitioner summarized the factual

background as follows:

> During the early morning hours of November 18, 1994 Harold Bridges was driving his thirteen-year-old son home to Prescott.  After yielding for red light, they proceeded through an intersection on a green light and reached a speed approximately 35 miles per hour before the Defendant reared their vehicle.  The Defendant was traveling at an estimated speed of 80 miles per hour, causing Mr. Bridges [sic] vehicle to run off the road, hit a tree to his final point of rest.  The Defendant also ran off the road striking a building.  Police Officers witnessed the accident and responded immediately.  Mr. Bridges was taken to the hospital.  Travis his son had minor injuries, laceration on his forehead requiring stitches and a cut knee.  Mr. Bridges died December 25, 1994 from blunt force injuries.  The Defendant was also hospitalized and his blood-alcohol level was .18%

(Exhibit F, 1st PCR Pet., Attach. A, at 1.)[1]

On May 22, 1995, the Maricopa County Grand Jury returned an indictment of Petitioner on one count of manslaughter and one count of aggravated assault. (Exhibit A, Indictment.)

**B. PROCEEDINGS AT TRIAL**

Petitioner entered into two plea agreements in which he agreed to plead to both charges of the indictment, in exchange for agreements that any sentences would be concurrent and a waiver of any allegation that the offenses were committed on probation or that Petitioner had a prior felony conviction.  The plea agreement also included a waiver of the right to appeal. (Exhibit B, Plea Agreements.)

Petitioner was sentenced on March 29, 1996  to concurrent terms of 15 years on the manslaughter count, and 7 years on the assault count.  (Exhibit C, Sentence.)

**C.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner, having waived his right to appeal in the plea agreement (Exhibit B), did not file a direct appeal.  (Petition, #1 at 2.)

---

[1] Exhibits (#10) to the Answer (#9), are referenced herein as "Exhibit __."

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

### 1.  First PCR Petition

Petitioner filed his first Notice of Post-Conviction Relief on April 2, 1996.  (Exhibit D, PCR Notice.)  Trial counsel withdrew, and new PCR counsel was appointed.  (Exhibit E, M.E. 8/28/96.)  PCR counsel subsequently withdrew and sought an extension of time for Petitioner to file a PCR petition *pro per*.  (Exhibit E, M.E. 2/5/97.)  On May 12, 1997, Petitioner filed his *pro per* PCR petition (Exhibit F).  The Court denied the petition on August 4, 1997.  (Exhibit G, Order.)   Petitioner filed a Motion for Reconsideration (Exhibit H) on August 21, 1997, which was denied on September 16, 1997.  (Exhibit I, M.E. 9/10/97.) Petitioner did not timely seek review by the Arizona Court of Appeals.

Beginning September 25, 1997, and prior to filing his Petition for Special Action (*see* below), Petitioner unsuccessfully sought an extension of time to seek review and for appointment of appellate counsel.  (Exhibits J, K, and L.)  After the denial of his Petition for Special Action, he again on February 4, 1998 sought an extension of time, couched in terms of a request for delayed petition for review.  (Exhibit Q.)  This request was also denied, by an Order (Exhibit R) filed March 9, 1998.

On March 26, 1998, Petitioner filed in the Superior Court a Petition for Review by the Arizona Court of Appeals (Exhibit S), seeking review of the denial of his motions to extend and motion for delayed petition.  This Petition for Review was consolidated with the petition for review from the denial of Petitioner's second PCR Petition (*see* below), and was summarily denied on August 12, 1998. (Exhibit W, Order 8/5/98; Exhibit X, 8/12/98.) Petitioner sought review by the Arizona Supreme Court (Exhibit Y), which was summarily denied on April 20, 2000 (Exhibit Z).

Petitioner did not ever file a petition for review seeking review of the denial of his petition for post-conviction relief.

### 2.  Petition for Special Action

On December 18, 1997, Petitioner filed a Petition for Special Action (Exhibit N) with

the Arizona Court of Appeals, challenging the denial of Petitioner's 1st PCR petition.  In an Order (Exhibit O) filed January 13, 1998, the Arizona Court of Appeals declined to accept jurisdiction over the special action.

**2.  Second PCR Petition**

On March 17, 1998, Petitioner signed and mailed a second Petition for Post-Conviction Relief (Exhibit T).   This petition included an argument of newly discovered evidence based upon the existence of a civil suit by the victim's survivors that asserted a defective seat in the vehicle had been a proximate cause of the victim's death.  (*Id.* at 6.)  That petition was denied by an Order (Exhibit U) filed April 6, 1998.

On May 4, 1998, Petitioner mailed a Petition for Review by the Arizona Court of Appeals (Exhibit V), seeking review of the denial of his second PCR petition.  This Petition for Review was consolidated with the petition for review from the denial of Petitioner's attempts to extend the time for review of his first PCR Petition (*see* above), and was summarily denied on August 12, 1998. (Exhibit W, Order 8/5/98; Exhibit X, 8/12/98.) Petitioner sought review by the Arizona Supreme Court (Exhibit Y), which was summarily denied on April 20, 2000 (Exhibit Z).

**3.  Third PCR Petition**

On August 23, 2000, Petitioner filed, through counsel, his third Petition for Post-Conviction Relief (Exhibit AA).  That petition was dismissed on March 9, 2001.  (Exhibit DD, M.E. 3/9/01.)  Petitioner filed a *pro per* Petition for Review by the Arizona Court of Appeals (Exhibit EE), which was summarily denied on March 19, 2002 (Exhibit FF).  Petitioner then filed a *pro per* Petition for Review by the Arizona Supreme Court (Exhibit GG), which was granted on September 26, 2002 (Exhibit HH).

The Arizona Supreme Court remanded the matter to the Superior Court for an evidentiary hearing.  (*Id*)  The evidentiary hearing was held on January 12, 2004.  (Exhibit II, M.E. 1/14/04.)  On rehearing, the petition was dismissed.  (Exhibit MM, M.E. 3/22/04.)

Petitioner filed a Petition for Review (Exhibit NN) by the Arizona Court of Appeals.  That Petition was summarily denied by an Order filed May 26, 2005.  (Reply, #26, Exhibit B.)

**4.  Subsequent PCR Petitions**

On June 13, 2001, Petitioner filed a fourth Petition for Post-Conviction Relief, which was dismissed on July 2, 2001.  (Exhibit QQ, M.E. 7/2/01.)  Petitioner filed a fifth PCR petition on October 25, 2001, which was dismissed on November 28, 2001.  (Exhibit QQ, M.E. 11/28/01.)  Petitioner filed a sixth PCR petition on May 6, 2002, which was dismissed on June 3, 2002.  (Exhibit QQ, M.E. 6/3/02.)

**E.  FIRST FEDERAL HABEAS PROCEEDING**

Petitioner's first federal habeas proceeding was filed in this District on April 23, 2001, in Case CV-01-0718-SRB(JI), but was subsequently dismissed without prejudice on Petitioner's motion.

**F.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner commenced the present proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 8, 2004 (#1).  Petitioner's Petition asserts eight grounds for relief, including: involuntary plea; ineffective assistance of trial counsel; ineffective assistance of counsel on direct appeal via post-conviction relief proceedings; denial of equal protection based on denial of PCR counsel; cruel and unusual punishment; prosecutorial misconduct from failure to disclose exculpatory evidence; prosecutorial misconduct from cruel and unusual punishment; denial of right of appeal.

On May 26, 2005, Respondents filed their Response (#22).  Respondents argue that Petitioner's Petition is untimely, and must be dismissed pursuant to 28 U.S.C. § 2244. Petitioner filed a Reply on June 3, 2005 (#26), arguing the merits of his claims, and seeking to excuse any tardiness on the basis of a variety of circumstances arising during the presentation of his state claims.

1    Having made a preliminary determination that the petition did not appear to be time

2    barred, the undersigned entered an Order (#31) on August 2, 2005, granting Respondents an

3    opportunity to supplement their response to address the merits of the Petition. On September

4    1, 2005, Respondents filed their Supplemental Answer (#32).  Respondents argue that because

5    *all* of Petitioner's state proceedings after his first PCR petition were untimely, the Petition

6    is time barred.  (#32 at 3.)

7    On September 12, 2005, Petitioner filed his Supplemental Reply (#33) and related

8    Exhibits (#34).  The Supplemental Reply does not argue the merits of the timeliness issues,

9    but does argue the merits of Petitioner's substantive claims.

10

11    ### III. APPLICATION OF LAW TO FACTS

12    **A.  STATUTE OF LIMITATIONS**

13    **1.   One Year Limitations Period**

14    Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism

15    and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of

16    limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254,

17    challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).   Prior

18    to the AEDPA's enactment "state prisoners had almost unfettered discretion in deciding when

19    to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar

20    a prisoner from seeking relief."  In *Calderon v. U.S. District Court,* 128 F.3d 1283, 1286 (9th

21    Cir. 1997), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998) (real party-in-interest

22    was Rodney Gene Beeler)(hereinafter "*Beeler*").  Now, however, petitions filed beyond the one

23    year limitations period are barred and must be dismissed.  28 U.S.C. § 2244(d)(1).

24

25    **2.  Commencement of Limitations Period**

26    The one-year statute of limitations on habeas petitions generally begins to run on "the

27    date on which the judgment became final by conclusion of direct review or the expiration of

28    the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**Direct Review** - As noted above, the statute only runs upon the conclusion of direct review, not upon sentencing. In Arizona, however, a pleading petitioner's conviction becomes final at sentencing, because he has waived his right to direct appeal. In some jurisdictions, the proposition might be suspect in light of the ability of a defendant to challenge the voluntariness of an appeal, despite a waiver of the right to appeal. In Arizona, however, the denial of the right to appeal following a guilty plea is absolute and statutorily mandated.

> B. In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

Ariz. Rev. Stat. § 13-4033 (2001). *See also* Ariz.R.Crim.P. 17.1(e) (waiver of appeal by guilty plea). This limitation was made effective on September 30, 1992. *State v. Stevens*, 173 Ariz. 494, 495, 844 P.2d 661, 662 (App. 1992). Thus, by virtue of his guilty plea, Petitioner had no right of direct appeal, but was relegated to seeking review by way of post-conviction relief, even of a claim that the plea was involuntary. *See State v. Jimenez*, 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996).

**Writ of Certiorari** - Likewise, although direct review is normally not deemed complete until the time for a writ of certiorari to the U.S. Supreme Court has expired, Petitioner is not entitled to this additional delay. It is well established in the Ninth Circuit that "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999). However, certiorari review with the U.S. Supreme Court may only be sought following a decision or denial of discretionary review by the state court of last resort, i.e. the Arizona Supreme Court. *Flynt vs. Ohio,* 451 U.S. 619 (1981). Accordingly, the time for seeking a writ of certiorari with the U.S. Supreme Court cannot be considered in determining when Petitioner's judgment became final when review by the state court of last resort was not sought. *Eisermann vs. Penarosa,* 33 F. Supp. 2d 1269 (D. Hawaii 1999). *See* 28 U.S.C. § 1257 (certiorari jurisdiction limited to highest available state court); Sup. Ct. Rule 13 (timeliness from decision of highest state court). *See also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) ("If a criminal

1  defendant has pursued his direct appeal through the highest state court, then this period

2  includes the 90 days for filing a petition for certiorari to the Supreme Court. If not, then it

3  includes the time for seeking further state-court direct review.").

4         **AEDPA Effective Dates** - Accordingly, Petitioner having had no right to direct appeal,

5  and no right to seek certiorari, his conviction became final upon sentencing, on March 29,

6  1996.  However, the *Beeler* court held the period of limitations "did not begin to run against

7  any state prisoner prior to the statute's date of enactment" of April 24, 1996.  *Beeler*, 128 F.3d

8  at 1287.  Thus, all federal habeas corpus claims concerning state court judgments finalized

9  prior to April 24, 1996, had to be filed by April 23, 1997, or they were barred by the statute

10  of limitations absent a showing that the circumstances surrounding the filing of the petition

11  fell into one of the categories listed in § 2244(d)(1)(B)-(D).    Accordingly, Petitioner's

12  limitations period commenced running on April 24, 1996 and would ordinarily have expired

13  one year later on April 23, 1997.

14         **Filing Date And the Prisoner Mailbox Rule** - Here Petitioner's Petition (#1) was

15  not filed until September 8, 2004.  However, for purposes of calculating time under § 2244(d),

16  the federal prisoner "mailbox rule" applies.  Under this rule, a prisoner's filings are deemed

17  "filed" when they are delivered to prison officials for mailing.  *Anthony v. Cambra*, 236 F.3d

18  568 (9th Cir. 2000).  Pre-requisites to application of the mailbox rule include: (1) that the

19  petitioner is not represented by counsel; and (2) the petition is delivered to prison officials for

20  forwarding to the courts within the limitations period.  *Stillman v. LaMarque*, 319 F.3d 1199

21  (9th Cir.  2003).   Petitioner, who is appearing *pro se*, plainly meets the first criteria in this

22  proceeding.  It is not clear, however, whether he delivered his petition to prison officials for

23  mailing.  His certificate of service simply reflects that the Petition was "mailed/delivered."

24  (Petition, #1 at 14.)  Because it does not alter the outcome, the Court presumes Petitioner is

25  entitled to application of the "mailbox rule," and will treat September 6, 2004 as the filing date

26  of his Petition.

27         Even with application of the "mailbox rule," Petitioner's habeas petition, deemed filed

28  September 6, 2004 was filed well beyond the expiration of the one year and would ordinarily

1  be barred.

2       **Discovery Exception** - Although the conclusion of direct review normally marks the

3  beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the

4  date on which the factual predicate of the claim or claims presented could have been

5  discovered through the exercise of due diligence." Thus, where despite the exercise of due

6  diligence a petitioner was unable to discover the factual predicate of his claim, the statute does

7  not commence running on that claim until the earlier of such discovery or the elimination of

8  the disability which prevented discovery. The discovery of evidence to support a claim is not

9  the relevant time to begin the statute of limitations. Rather, such evidence is not the "factual

10  predicate" of the claims, it is the evidence of those facts. *See Flanagan v. Johnson*, 154 F.3d

11  196, 198-99 (5th Cir.1998) (receipt of trial counsel's affidavit irrelevant where knowledge

12  of facts supporting claim ineffectiveness previously known to defendant).

13       Here, Petitioner argues that he was unaware of the defense of a superseding cause of

14  the victim's death. However, in his Second Petition for Post-Conviction Relief, Petitioner

15  established that he was aware of this suit on July 28, 1996, when he received the summons and

16  complaint. By February 22, 1997, he had received the Plaintiff's disclosure statement.

17  (Exhibit T, 2nd PCR Pet. at 6.) Accordingly, at least as of this time, Plaintiff would have been

18  aware of the factual predicate of his claim of superseding causation. At the latest, then, the

19  statute of limitations on Petitioner's claim based upon that newly discovered evidence would

20  have commenced running on February 22, 1997. It would, then, have expired on February 22,

21  1998, and Petitioner's Petition would have been late.

22

23  **2. Statutory Tolling**

24       Despite the expiration of the one calendar year from commencement of Petitioner's

25  limitations period, the AEDPA provides for tolling of the limitations period when a "properly

26  filed application for State post-conviction or other collateral relief with respect to the

27  pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This statutory tolling applies

28  during the entire time during which the application is pending, including interludes between

1   various stages of appeal on the application.  The "AEDPA statute of limitations [is] tolled for

2   'all of the time during which a state prisoner is attempting, through proper use of state court

3   procedures, to exhaust state court remedies with regard to a particular post-conviction

4   application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v.*

5   *Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

6        **Tolling from First PCR Petition** - Petitioner's first state Petition for Post-

7   Conviction Relief was filed April 2, 1996.  (Exhibit D.)  That state application remained

8   pending until September 16, 1997, when Petitioner's Motion for Reconsideration was denied.

9   (*See* Exhibit I, M.E. 9/10/97.)  Accordingly, Petitioner's one year, whether counted from the

10  effective date of the AEDPA (April 24, 1996) or from discovery of his claim based upon

11  superseding causation (February 22, 1997), was tolled from its inception until September 16,

12  1997.

13       Petitioner subsequently sought to extend the time to petition for review of that denial,

14  and even sought review of the denial of an extension (Exhibits J,K,L,Q, R, S, W, X, Y, and Z).

15  However, only "properly filed" post-conviction applications count. In *Pace v. DiGuglielmo,*

16  544 U.S. 408 (2005), the Supreme Court made clear that a petition which is rejected on

17  timeliness grounds is not "properly filed."    Accordingly, to the extent that Petitioner's

18  attempts to seek further review could be deemed part of his first Petition for Post-Conviction

19  Relief, their rejection on timeliness grounds precludes this Court from applying statutory

20  tolling on the basis of their pendency.  Likewise, to the extent that these efforts could be

21  deemed a separate application for post-conviction relief, their rejection on timeliness grounds

22  means the underlying requests for relief were not "properly filed," even if the requests for

23  extension were themselves "properly filed."

24       Thus, Petitioner's statutory one year was wholly unused as of September 16, 1997, but

25  began running again on that date.

26       **Tolling from Special Action** - On December 18, 1997, Petitioner filed a Petition for

27  Special Action (Exhibit N) with the Arizona Court of Appeals, challenging the denial of

28  Petitioner's 1st PCR petition.  As of the filing of that Petition, 93 days of the limitations period

- 10 -

had expired.  In an Order (Exhibit P) filed January 13, 1998, the Arizona Court of Appeals declined to accept jurisdiction over the special action, and Petitioner's limitations period again began to run.

Although Respondents argue in their Supplemental Answer that this state petition provides no tolling because it was time barred, the undersigned finds nothing in the record to evidence the application of a time bar.  To the contrary, the Order clearly states that "the court of appeals, in the exercise of its discretion, declines to accept jurisdiction in this special action."  (Exhibit P.)

Upon denial of the special action on January 13, 1998, Petitioner had 272 days remaining on his one year limitations period.   Barring further tolling, that one year would expire on October 12, 1998.

**Second PCR Petition** - On March 17, 1998, Petitioner signed and mailed a second Petition for Post-Conviction Relief (Exhibit T).   As of this date, Petitioner had used 156 of his 365 days.

Respondents made no argument in their Answer that this Petition was not timely filed. (*See* Answer, #22 at 9-10.)  However, in their Supplemental Answer, Respondents argue that Petitioner's second and subsequent PCR petitions provide no tolling because they were untimely.

Indeed, the trial court concluded that this second PCR petition was "untimely filed." (Exhibit U at 1.)  Granted, the trial court did proceed to discuss various principles of claims preclusion, and other bases for disposing of the petition, but these do not alter the conclusion that the petition was untimely.  The "postcard denials" by the Arizona Court of Appeals (Exhibit X) and Arizona Supreme Court (Exhibit Z) must be presumed to be denials on the same basis. *See Brooks v. Walls,* 279 F.3d 518, 522 (7th Cir. 2002) ("the ruling of the last state court to articulate a reason governs")(applying  *Ylst v. Nunnemaker,* 501 U.S. 797(1991) to statutory tolling issue).  As declared in *Pace*, the dismissal of this post-conviction proceeding as untimely precludes this Court from finding it to have been properly filed.  Thus, this state petition did not toll the running of Petitioner's habeas statute of limitations.

1       Accordingly, Petitioner's one year continued to run from March 17, 1998, despite the

2   pendency of his second PCR Petition, and the balance of 209 days expired on October 12,

3   1998.

4       **Subsequent PCR Petitions** - Petitioner then proceeded file a series of subsequent

5   Petitions for Post Conviction relief, including: his third on August 23, 2000 (Exhibit AA), his

6   fourth on June 13, 2001 (Exhibit QQ, M.E. 7/2/01), his fifth on October 25, 2001 (Exhibit

7   QQ, M.E. 11/28/01), and his sixth on May 6, 2002 (Exhibit QQ, M.E. 6/3/02). However, these

8   state petitions were all filed long after Petitioner's one year had already expired on October

9   12, 1998.  Once the statute has run, a subsequent post-conviction or collateral relief filing

10  does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

11  2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   Accordingly,  despite

12  these state filings, Petitioner's one year expired on October 12, 1998.

13      **Federal Habeas Petition** - Petitioner's first federal habeas petition also had no impact

14  on the timeliness of the current petition.  *See Duncan v. Walker,* 533 U.S. 167 (2001)(only

15  "state" applications toll the running of the statute, and that Federal habeas petitions do not toll

16  the running of the statute).

17

18  **3.  Timeliness of Petition**

19      Petitioner's Federal Petition for Writ of Habeas Corpus was "filed" September 6, 2004.

20  This was almost six years after his one year limitations period had expired.  Accordingly,

21  Petitioner's Petition, is untimely, and absent a basis for equitable tolling must be dismissed.

22

23  **4.  Equitable Tolling**

24      Petitioner argues in his Reply that any tardiness in filing this habeas petition must be

25  excused for a variety of reasons.  The *Beeler* Court held that § 2244(d) established a customary

26  statute of limitations period "subject to equitable tolling."   128 F.3d at 1288-89.  When

27  equitable tolling applies, its effect is to suspend the running of the statute of limitations.

28  *Benge v. U.S.*, 17 F.3d 1286, 1289 (10th Cir. 1994). The application of equitable tolling does

not mean that the limitations period begins over again.  *Id.* Rather, upon expiration of the equitable tolling period, the remainder of the unexpired limitations period begins to run again, subject to whatever further statutory or equitable tolling may apply.

Moreover, because equitable tolling merely acts to suspend the running of the statute, it cannot revive a claim after the limitations period has already expired.  Accordingly, only those factors complained of by Petitioner which occurred or were in existence prior to the October 12, 1998 expiration of the statute have any bearing on the timeliness of Petitioner's Petition.

**Ineffective Assistance of Trial and PCR Counsel** - Petitioner argues that he received ineffective assistance of counsel at trial and was denied counsel in his post-conviction relief proceedings.  (Reply, #26 at 3.)  However, Petitioner's limitations period did not begin to run until after trial and his first PCR petition had already terminated.  Petitioner does not explain how any failure or absence of such counsel prevented him from timely filing his habeas petition.

**Incomplete Record** - Petitioner argues that he had an incomplete record on which to file his first and second state post-conviction relief petitions. (Reply # 26 at 4.)  In support of this claim, Petitioner points to portions of the Answer (#22 at 4, 12-13) where Respondents discuss the delivery of medical records and police records to Petitioner in January and February 1998.  That delay in delivery of records may have impacted Petitioner's ability to file his state petitions, but would not have prevented Petitioner from filing his federal petition in the ensuing eight months until October 12, 1998 when his one year expired.

**Due Diligence** - Petition argues that he was diligent in attempting to bring his claims to the state courts.  (Reply, #26 at 4-5.)  However, that diligence does not establish diligence in filing a federal habeas petition.  Indeed, Petitioner evidences no efforts to file his federal petition in the time period prior to October 12, 1998 that his one year was running.

It might be argued that Petitioner was diligent with regard to his federal petition, to the extent that his state filings could be seen as efforts to exhaust state remedies so as to preserve them for federal review.  Petitioner does not explain, however, why he did not seek to file his

1    federal petition, and then stay consideration while he exhausted his unexhausted claims.  *See*

2    *e.g. Calderon v. U.S. Dist. Court for Northern Dist. of California ("Taylor"),* 134 F.3d 981,

3    982 (9th Cir. 1998) (district court may allow a habeas corpus petitioner to amend his petition

4    to delete unexhausted claims and hold the amended petition in abeyance subject to further

5    amendment reincorporating the deleted claims once they are litigated in state court).  *But see*

6    *Jackson v. Roe,* 425 F.3d 654, 661 (9th Cir. 2005) (questioning whether *Taylor* procedure

7    remains viable after *Rhines v. Weber*, 544 U.S. 269 (2005)).

8         **Judicial Misconduct.** - Petitioner argues that the state courts have engaged in judicial

9    misconduct in failing to allow Petitioner to present his claims to them. (Reply #26 at 5-6.)

10   Petitioner argues that the state courts failed to take note of his lack of effective counsel and

11   a complete record.  Again, however, Petitioner ignores that it was not the barriers to bringing

12   his state claims which is relevant to this Court's equitable tolling determination.  Rather,

13   Petitioner must show that he was precluded by such circumstances from bringing his federal

14   petition.  Because his time to present his federal claims occurred after his first PCR petition

15   was decided, the difficulties in bringing that proceeding do not explain a failure to promptly

16   pursue his federal habeas proceeding thereafter.

17        **Improper Dismissal of Second PCR Petition** - Petitioner argues that  the state court

18   improperly dismissed Petitioner's second state petition for post-conviction relief by applying

19   claims preclusion and failing to see the merits of his claims.  (Reply #26 at 6-7.)   However,

20   Petitioner ignores that this second PCR petition was also dismissed as untimely.  Any error

21   in the alternative determinations on preclusion or the merits would not alter the untimeliness

22   of the petition, or consequently it's failure to provide Petitioner with statutory tolling.  Neither

23   would it explain Petitioner's failure to file a timely habeas petition.

24        **Timeliness of Third PCR Petition** - Petitioner argues that his third state petition for

25   post-conviction relief was not untimely.  (Reply #26 at 8.)   However, nothing about

26   Petitioner's third PCR petition would explain his failure to file a timely habeas petition two

27   years earlier, when his habeas limitations period was expiring.  Moreover, even if the Third

28   PCR Petition were improperly dismissed as untimely, that would not serve to revive

- 14 -

Petitioner's federal limitations period, which had long since expired at the time the Third PCR Petition was filed.

**Errors of State Law** - Petitioner argues that the state courts have improperly applied state precedent to Petitioner in rejecting his claims. (Reply #26 at 9-10.) However, this does not explain Petitioner's failure to seek timely federal review of any such errors.

**Invalidity of Plea** - Petitioner argues that his plea was null and void, because it was not entered knowingly, intelligently and voluntarily. (Reply, #26 at 10-11.) However, this does not explain Petitioner's failure to seek timely federal review of any such issues.

**Denial of Counsel** - Petitioner argues that he was denied counsel in his first state post-conviction relief proceeding when counsel was permitted to withdraw. (Reply #26 at 11.) Again, Petitioner ignores that it was not the barriers to bringing his state claims which is relevant to this Court's equitable tolling determination. Rather, Petitioner must show that he was precluded by such circumstances from bringing his federal petition.

**Validity of Third PCR Petition** - Petitioner argues that his third state post-conviction relief petition was not untimely or precluded and continued to be pending through the evidentiary hearing on March 22, 2004. (Reply #26 at 12-13.) However, any errors in this state proceeding would not affect the fact that Petitioner's federal limitations period had run long before that proceeding commenced.

**Summary re Equitable Tolling** - In sum, Petitioner fails to point to any circumstances occurring during the running of his limitations period, from September 16, 1997 until October 12, 1998, which precluded him from filing his federal habeas petition in a timely manner. Accordingly, Petitioner is not entitled to any equitable tolling, and his Petition is therefore untimely and must be dismissed with prejudice.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 8, 2004 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: April 28, 2006

_____
JAY R. IRWIN
United States Magistrate Judge

- 16 -