1    **NOT FOR PUBLICATION**

2

3

4

5    IN THE UNITED STATES DISTRICT COURT

6    FOR THE DISTRICT OF ARIZONA

7

8    Edwardo Jose Leyva,                    )    No. CV04-1871-PHX-SRB
                                            )
9              Petitioner,                  )    **ORDER**
                                            )
10   vs.                                    )
                                            )
11                                          )
     Dora B. Schriro, et al.,               )
12                                          )
               Respondents.                 )
13                                          )
     _____   )

14

15        Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28. U.S.C. § 2254

16   on September 8, 2004.  Petitioner asserts eight grounds for relief, including that his plea was

17   involuntary, ineffective assistance of trial and post-conviction relief counsel, denial of equal

18   protection, cruel and unusual punishment, prosecutorial misconduct, and denial of the right

19   to appeal.  Respondents answered on May 26, 2005 and Petitioner filed a reply on June 3,

20   2005.  Respondents claim that the petition was untimely filed beyond the one-year statute of

21   limitations applicable for Petitions for Writ of Habeas Corpus in 28 U.S.C. § 2244(d).

22        On April 28, 2006, the Magistrate Judge issued his Report and Recommendation

23   recommending that the petition be dismissed because it was filed after the expiration of the

24   one-year statute of limitations.  The procedural background and a detailed analysis of the

25   running and tolling of the statute of limitations is set out in the Report and Recommendation.

26   The Magistrate Judge concluded that Petitioner had until October 12, 1998, within which to

27   file his Petition for Writ of Habeas Corpus and therefore, this petition was filed nearly six

28   years after the expiration of the statute of limitations.  Petitioner filed his objections to the

1   Report and Recommendation on May 10, 2006.  The objections deal with both the issue of

2   timeliness and the merits of the claims raised in the petition.  Petitioner argues that his claim

3   of timeliness should be of "first impression" and appears to argue that because his conviction,

4   sentence and plea agreements should be considered null and void that somehow he should

5   not be subject to the one-year statute of limitations.  Petitioner also appears to argue that the

6   Magistrate Judge erred in concluding that delays in the adjudication of his state petitions for

7   post-conviction relief should have a bearing on the running of the statute of limitations on

8   the grounds that he could not file a writ with an incomplete record.  Finally, he argues that

9   he would not have had to file the instant Petition for Writ of Habeas Corpus if the Arizona

10  Superior Court had granted him relief.  None of the arguments raised by the Petitioner in his

11  objections to the Report and Recommendation demonstrate in any way that his petition was

12  timely or that he is entitled to equitable tolling.

13       The Court has reviewed the procedural record in this case and the analysis of that

14  record and the Report and Recommendation.  The Court finds itself in agreement with the

15  Report and Recommendation of the Magistrate Judge and concludes that the petition must

16  be dismissed with prejudice because it is untimely.  Therefore;

17       IT  IS  ORDERED  overruling  Petitioner's  objections  to  the  Report  and

18  Recommendation.

19       IT IS FURTHER ORDERED adopting the Report and Recommendation of the

20  Magistrate Judge as the order of this Court.

21       IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed

22  with prejudice and that the Clerk enter judgment accordingly.

23

24       DATED this 7th day of June, 2006.

25

26

27  _____
                    Susan R. Bolton
                    United States District Judge

28